RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/4/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CRAIG VICTORIAN | DOCKET NO. 12-CV-2001; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff Craig Victorian, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) and is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Plaintiff complains about prison conditions that caused him to cut his hand.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that, on December 17, 2010, he was working in the AVC kitchen where he was instructed to clean the refrigerator. After cleaning the interior of the refrigerator, he proceeded to clean the exterior. While wiping off the top of the refrigerator, he cut his hand on a sharp corner of the cabinet, requiring stitches.

### *Law and Analysis*

Section 1983 imposes liability for violations of rights

protected by the Constitution, not for violations of duties of care arising out of tort law. <u>Baker v. McCollan</u>, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" <u>Price v. Roark</u>, 256 F.3d 364, 370 (5th Cir. 2001)(quoting <u>Nesmith v. Taylor</u>, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations do not indicate the violation of a constitutional right. <u>See</u> <u>eg.</u> <u>Benton v. Grant</u>, 31 Fed.Appx. 160 (5th Cir. 2001) (unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it). Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. Deliberate indifference requires the subjective intent to cause harm. <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 649 (5th Cir. 1996)(en banc). Plaintiff has not alleged any constitutional liability of the defendants. There are no allegations that anyone subjectively intended to cause him harm. His allegations present, at best, a negligence claim. He does not allege the violation of any constitutional right, nor does he allege deliberate indifference on the part of any defendant. Moreover, Plaintiff's claim is

prescribed.[1]

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED with prejudice** as frivolous and for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

---

[1] There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in §1983 claims. Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Any claim arising out of the cut hand accrued on December 17, 2010.
    Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. §1983. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). Thus, Plaintiff is entitled to equitable tolling for the time spent exhausting administrative remedies regarding his claim. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). The step two response is dated April 25, 2011. Plaintiff had one year from that date to file suit in federal court. Suit was not filed until July 24, 2012. Although he filed a state tort claim in the Nineteenth Judicial District Court, that did not toll prescription, as it was not part of the exhaustion process.

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See **Douglass v. USAA**, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 4th day of December, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE